**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynnsey Coppinger,<br><br>              Plaintiff,<br><br>v.<br><br>Don Sanderson Ford Incorporated, et al.,<br><br>              Defendants. | No. CV-25-00100-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's unopposed motion to seal the complaint. (Doc. 16.) For the reasons that follow, the motion is denied.

**BACKGROUND**

On January 13, 2025, Plaintiff, represented by counsel, initiated this action by filing the complaint. (Doc. 1.) The complaint includes extremely detailed allegations suggesting that Plaintiff was sexually assaulted by her then-boss during a work trip and then resigned shortly afterward. (*Id.* ¶¶ 11-66.) Based on those allegations, Plaintiff asserts claims of assault and battery against her former boss and her former employer and a claim of sex discrimination based on constructive discharge against her former employer. (*Id.* ¶¶ 75-100).

On February 5, 2025 and February 28, 2025, the parties stipulated to extensions of the deadline for Defendants to respond to the complaint (Docs. 10, 14), the second of which was "to allow the parties to engage in an early mediation, which is presently scheduled for March 20, 2025." (Doc. 14.) The current response deadline is today, April 3, 2025. (Doc.

15.)

On March 24, 2025, Plaintiff filed an unopposed motion to seal the complaint. (Doc. 16.) The motion simply asserts that the complaint "contains allegations of a sensitive nature over matters with which Plaintiff cannot fully or clearly recall" and that the "sensitive nature of the allegations supports the sealing of her complaint." (*Id.*) Plaintiff further indicates that she intends to file a notice of voluntary dismissal with prejudice "[p]ending a ruling" on her motion to seal. (*Id.*)

On April 2, 2025, defense counsel contacted the undersigned judge's chambers to indicate that defense counsel wanted to make sure the motion to seal was granted before the case was dismissed.

**DISCUSSION**

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted). "The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure," *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014), at which point that injury is weighed against the public's interest in disclosure. *Kamakana*, 447 F.3d at 1178-79. "The mere fact that the production of records may lead to a litigant's embarrassment,

1  incrimination, or exposure to further litigation will not, without more, compel the court to
2  seal its records." *Id.*

3  The "stringent" compelling reasons standard applies to all filed motions and their
4  attachments where the motion is "more than tangentially related to the merits of a case."
5  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).
6  The "compelling reasons" standard also applies to pleadings, particularly to the complaint
7  and its amendments, as the operative complaint is the crux of any civil action. *See, e.g.*, *In
8  re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1161 (N.D. Cal. 2021) ("[T]his
9  Court and many others have held that the compelling reasons standard applies to
10 the sealing of a complaint precisely because the complaint forms the foundation of the
11 lawsuit."); *Pintos v. Pac. Creditors Ass'n,* 565 F.3d 1106, 1115 (9th Cir. 2009) (noting that
12 the "compelling reasons" standard applies to most judicial records).

13 The fact that a sealing request is stipulated or unopposed does not weigh in favor of
14 sealing. *See generally Lipocine Inc. v. Clarus Therapeutics, Inc.*, 2020 WL 4569473, *7
15 (D. Del. 2020) ("The problem for judges is that [sealing] requests are seldom opposed—
16 the would-be opposing party has access to the materials and doesn't particularly care
17 whether the public has access as well. . . .  That leaves the judge in the position of having
18 to decide a sometimes complex issue of sealing or redaction with no adversarial briefing
19 and often, as in this case, with only a perfunctory submission from the party seeking
20 relief."); *Senderra Rx Partners LLC v. Express Scripts Incorporated*, 2:19-mc-00016-
21 DWL, Doc. 5 ("Petitioner has filed a petition in federal district court, and this Court does
22 not automatically seal documents—let alone entire cases—based on agreements between
23 the parties."); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2010 WL 2474387, *1
24 (D. Ariz. 2010) ("TriQuint's sole basis advanced for sealing the motion to amend in this
25 case is this side agreement.  Similarly, Avago's sole basis for seeking to seal its response
26 is the side agreement.  The Court again does not find this side agreement to show a
27 compelling reason to seal the complaint in this case.").

28 Where a party puts certain information at issue, that party's ability to claim a privacy

1  interest in that information is weakened. *See, e.g.*, *Longoria v. Kodiak Concepts LLC*, 2020 WL 4501456, *1 (D. Ariz. 2020) ("Plaintiffs cannot reasonably bring this action and then expect confidentiality . . . ."); *Shapiro v. Hasbro Inc.*, 2016 WL 9137526, *3 (C.D. Cal. 2016) ("Hasbro put these documents at issue in the litigation and thus fails to . . . make a particularized showing of compelling reason[s] to file these exhibits under seal."); *B.F. v. Amazon.com, Inc.*, 2019 WL 4597492, *2 (W.D. Wash. 2019) ("By bringing this lawsuit against Defendants, [Plaintiffs] have put [the information sought to be sealed] directly at issue, and cannot reasonably expect filings in this case not to include details about [that information].").

Moreover, once information is public, it is no longer confidential—a belated decision that publishing information on the public docket was unwise "does not provide good cause, let alone a compelling reason, to retroactively seal documents that have long been part of the public record." *Fed. Trade Comm'n v. Noland*, 2022 WL 939926, *6 (D. Ariz. 2022). *See also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("[W]hen information that is supposed to be confidential . . . is publicly disclosed . . . it necessarily remains public . . . . 'Once the cat is out of the bag, the ball game is over.'") (citation omitted); *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012) ("Any balancing of the interests . . . would be academic as the information the Government and Doe seek to maintain sealed has already been publicly revealed; the cat is out of the bag, the genie is out of the bottle.").

Here, the allegations in the complaint may be "sensitive," but they are no more sensitive than the allegations in many other cases involving allegations of sexual assault. In such cases, plaintiffs sometimes seek (*before* disclosure on the docket) to have their names redacted, which is far less of an impingement of the public's right of access than sealing the complaint in its entirety—and yet even just the redaction of the plaintiffs' names has a high bar and calls for a careful analysis. *See, e.g.*, *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (concluding that the petitioner "met the high bar for proceeding under a pseudonym" but also affirming the denial of the petitioner's "request to seal much of the

critical information in our proposed opinion, including all its references to his sexual and emotional abuse, which formed the evidentiary basis for the claim").

Plaintiff put the circumstances of her alleged sexual assault at issue by filing the complaint, so she cannot now claim a privacy interest in those details—and moreover, the complaint has been public for months, so there is nothing in it that could be deemed confidential. Finally, to the extent Defendants may wish to keep the allegations in this action a secret—which is not clear from the motion, given that it was only filed by Plaintiff—"a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1178-79.

Accordingly,

**IT IS ORDERED** denying Plaintiff's motion to seal. (Doc. 16.)

Dated this 3rd day of April, 2025.

Dominic W. Lanza
United States District Judge