1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Lynnsey Coppinger,                         No. CV-25-00100-PHX-DWL

10                Plaintiff,                    **ORDER**

11  v.

12  Don Sanderson Ford Incorporated, et al.,

13                Defendants.

14

15         Pending before the Court is a motion for reconsideration filed by Defendants Don

16  Sanderson Ford, Inc., d/b/a Sanderson Lincoln ("Sanderson Lincoln") and Adam Cox

17  ("Cox"). (Doc. 20.)  For the reasons that follow, the motion is denied.

18                                  **BACKGROUND**

19         On January 13, 2025, Plaintiff, represented by counsel, filed the complaint.

20  (Doc. 1.)  The complaint alleges that Cox, who was Plaintiff's boss at Sanderson Lincoln,

21  invited Plaintiff on a work trip, bought her drinks at the airport, on the flight, and after

22  arriving, and then, after she reached the point of being "black out drunk," engaged in a

23  sexual encounter with her without her consent. (*Id.* ¶¶ 11-66, 73.)  The complaint asserts

24  claims of assault and battery against Cox and Sanderson Lincoln, as well as a claim of sex

25  discrimination based on constructive discharge against Sanderson Lincoln. (*Id.* ¶¶ 75-100.)

26         On March 24, 2025, Plaintiff filed an unopposed motion to seal the complaint,

27  arguing that the complaint "contains allegations of a sensitive nature over matters with

28  which Plaintiff cannot fully or clearly recall" and that the "sensitive nature of the

1    allegations supports the sealing of her complaint," and indicated that she intended to file a

2    notice of voluntary dismissal with prejudice "[p]ending a ruling" on her motion to seal the

3    complaint. (Doc. 16.)

4    On April 2, 2025, defense counsel contacted the undersigned judge's chambers to

5    inquire about the status of the motion to seal.[1]

6    On April 3, 2025, the Court denied the motion to seal for failure to articulate

7    compelling reasons supported by specific factual findings that outweigh the general history

8    of access and the public policies favoring disclosure. (Doc. 17.) Among other things, the

9    Court noted that complaints in cases involving alleged sexual assaults are generally not

10   sealed despite the sensitive nature of the allegations; that Plaintiff could not "put the

11   circumstances of her alleged sexual assault at issue by filing the complaint" and then "claim

12   a privacy interest in those details"; that "the complaint has been public for months, so there

13   is nothing in it that could be deemed confidential"; and that "to the extent Defendants may

14   wish to keep the allegations in this action a secret"—a position not suggested in Plaintiff's

15   motion—Defendants' potential "embarrassment, incrimination, or exposure to further

16   litigation" did not provide a compelling reason to seal the complaint. (*Id.*)

17   Thereafter, Plaintiff filed a notice of voluntary dismissal (Doc. 18) and the case was

18   dismissed (Doc. 19).

19   On April 4, 2025, Defendants filed the pending motion for reconsideration, which

20   seeks reconsideration of the denial of Plaintiff's motion to seal the complaint. (Doc. 20.)

21                                    **DISCUSSION**

22   "Reconsideration is appropriate if the district court (1) is presented with newly

23   discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

24   or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah*

25

---

26   [1]    Defendants appear to take issue with the description of this phone call that appeared in the order denying the motion to seal: "While Defendants' counsel did call the Court's Chambers earlier this week to determine the timing of the ruling, based on the Defendants'

27   Answer deadline . . . Defendants' counsel did not say that Defendants 'wanted to make sure the motion to seal was granted before the case was dismissed.' Defendants' counsel

28   said that the parties were concerned that if the voluntary dismissal was filed 'before the ruling,' the clerk could close the case while the motion was pending." (Doc. 20 at 2 n.1.)

*Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). *See also* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

Putting aside whether Defendants have standing to seek reconsideration of the denial of Plaintiff's motion to seal the complaint in this closed case, Defendants have not presented newly discovered evidence, made any showing of clear error or manifest injustice, or demonstrated an intervening change in controlling law.

Defendants' two-page motion asserts that "the compelling reasons" why the Court should have granted Plaintiff's motion to seal are "Plaintiff's inability to recall the events due to intoxication, the false and defamatory nature of the allegations, and the potential harm to the Defendants' reputation." (Doc. 20 at 1.)

As a preliminary matter, "the potential harm to the Defendants' reputation" and "defamatory nature of the allegations" were not asserted as the reasons justifying sealing in Plaintiff's motion. New arguments not based on new facts or legal authority do not merit reconsideration. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) ("Motions for reconsideration. . . are not the place for parties to make new arguments not raised in their original briefs."); *Sunburst Mins., LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1065 (D. Ariz. 2018) ("[T]his argument does not seek reconsideration, it is a new argument that Emerald waived by not raising earlier."). *Cf. Kona*, 229 F.3d at 890 ("A Rule 59(e) motion [to alter or amend a judgment] may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Furthermore, although the potential harm to Defendants' reputation was not raised in the motion, the Court inferred that this unasserted reason might have been the impetus for filing the motion and addressed it: "[T]o the extent Defendants may wish to keep the

1    allegations in this action a secret—which is not clear from the motion, given that it was

2    only filed by Plaintiff—a litigant's embarrassment, incrimination, or exposure to further

3    litigation will not, without more, compel the court to seal its records." (Doc. 17 at 5

4    [cleaned up].) Defendants acknowledge that "the mere potential for embarrassment or

5    harm does not justify sealing a complaint" but argue that sealing is nevertheless warranted

6    here because the allegations "are also defamatory and false." (Doc. 20 at 2.) But

7    Defendants cite no authority for the proposition that sealing is warranted whenever the

8    allegations in a complaint are "defamatory and false." Indeed, "[d]efamatory statements

9    contained in pleadings are absolutely privileged if they are connected with or have any

10   bearing on or are related to the subject of inquiry," *Bailey v. Superior Ct. In & For Santa*

11   *Cruz Cnty.*, 636 P.2d 144, 146 (Ariz. Ct. App. 1981), because "the fearless prosecution and

12   defense of claims which leads to complete exposure of pertinent information for a

13   tribunal's disposition" is a "socially important interest." *Green Acres Tr. v. London*, 688

14   P.2d 617, 621 (Ariz. 1984).

15        If a complaint could be sealed whenever the defendant asserts that the allegations

16   are false, the standard for sealing the entire case would be met in a great many cases—

17   likely the vast majority—and the public right of access would ring hollow. A defendant

18   contending that allegations in a complaint are false can deny those allegations in its answer

19   and defend against them. Or, pursuant to Rule 12(f), a defendant concerned that the

20   contents of a complaint include "scandalous" matter may move to strike—but such a

21   motion will fail when, as here, the allegations are relevant and necessary to support the

22   claims asserted. *Forsman v. Chicago Title Ins. Co.*, 2006 WL 4682253, *4 (D. Ariz. 2006)

23   ("Statements may be stricken as scandalous when they unnecessarily reflect on the moral

24   character of an individual or state anything in repulsive language that detracts from the

25   dignity of the court. The statements are relevant and while repulsive, are necessary to

26   support a claim of outrage.") (cleaned up).

27        As for Defendants' contention that sealing is warranted due to "Plaintiff's *inability*

28   to recall the events due to intoxication" (Doc. 20 at 1, emphasis added), the Court notes

1   that this characterization of Plaintiff's memory does not quite match her own description

2   of her memory—in her motion to seal, Plaintiff merely stated that she cannot "*fully or*

3   *clearly* recall" the matters at issue (Doc. 16 at 1, emphasis added).  In a related vein, in

4   arguing that Plaintiff's "state of blackout intoxication during the timeframe in question"

5   necessarily undermines all of the allegations in the complaint (Doc. 20 at 2), Defendants

6   ignore the relevant chronology.  Although the complaint alleges that Plaintiff consumed

7   eight alcoholic beverages on May 13, 2024 and that the alleged sexual assault occurred

8   later that evening (Doc. 1 ¶¶ 15-45), the complaint also alleges that, during a conversation

9   with Plaintiff that took place the following morning, Cox admitted to engaging the

10  challenged conduct.  (*Id.* ¶ 49.)  Furthermore, the complaint alleges that many hours later,

11  at approximately 11:30 p.m on May 14, 2024, Cox arrived at Plaintiff's hotel room

12  "wearing nothing except black boxer briefs" and that although Cox "changed his story from

13  what he told her earlier that morning and said that nothing happened," Cox also demanded

14  that Plaintiff not tell anyone about what happened and attempted to silence Plaintiff by

15  stating that no one would believe her.  (*Id.* ¶¶ 59-64.)  Defendants do not explain why

16  Plaintiff's alcohol consumption on April 13, 2024 would have interfered with her ability

17  to recall her conversations with Cox that occurred at various times over the course of the

18  next day.

19       At any rate, the bottom line is that a challenge to the credibility or veracity of the

20  allegations in a complaint simply does not justify sealing the complaint.  Neither does

21  Defendants' belated assertion of harm to their reputation, which seems to fall squarely

22  within the Ninth Circuit's admonition that "[t]he mere fact that the production of records

23  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will

24  not, without more, compel the court to seal its records." *Kamakana v. City & Cty. of*

25  *Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Additionally, Defendants entirely fail

26  to address several of the reasons for denying the motion to seal articulated in the April 3,

27  2025 order: that the sensitivity of the allegations in sexual assault cases generally does not

28  justify sealing; that Plaintiff could not "put the circumstances of her alleged sexual assault

- 5 -

1    at issue by filing the complaint" and then "claim a privacy interest in those details"; and

2    that "the complaint has been public for months, so there is nothing in it that could be

3    deemed confidential." (Doc. 17.)

4         "Judicial records belong to the American people; they are public, not private,

5    documents. . . .  [C]ourts are duty-bound to protect public access to judicial proceedings

6    and records . . . [even if] that duty is easy to overlook in stipulated sealings like this one

7    . . . .  Public trust cannot coexist with a system wherein important judicial decisions are

8    made behind closed doors and, worse, private litigants do the closing."  *Binh Hoa Le v.*

9    *Exeter Fin. Corp.*, 990 F.3d 410, 417-18 (5th Cir. 2021) (cleaned up).  Nor does settlement

10   justify sealing (let alone belatedly sealing) the complaint.  *Foltz v. State Farm Mut. Auto.*

11   *Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (rejecting argument that settlement premised

12   on confidentiality constitutes compelling reason to seal judicial records); *Brown v.*

13   *Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("It is immaterial whether

14   the sealing of the record is an integral part of a negotiated settlement between the parties

15   . . . .  Once a matter is brought before a court for resolution, it is no longer solely the parties'

16   case, but also the public's case.").  *Cf. Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel*

17   *Rittenhouse Assocs.*, 800 F.2d 339, 346 (3d Cir. 1986) ("[T]he generalized interest in

18   encouraging settlements does not rise to the level of interests that we have recognized may

19   outweigh the public's common law right of access.").

20        Accordingly,

21        **IT IS ORDERED** that Defendants' motion for reconsideration (Doc. 20) is **denied**.

22   This case remains closed.

23        Dated this 13th day of April, 2025.

24

25

26   _____
     Dominic W. Lanza
27   United States District Judge

28